COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Moon, Judges Coleman and Overton
Argued at Salem, Virginia


ANN MARIE GRANT
                                         MEMORANDUM OPINION[*] BY
v.          Record No. 1565-95-3         JUDGE NELSON T. OVERTON
                                           FEBRUARY 25, 1997
COMMONWEALTH OF VIRGINIA

             FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                        James F. Ingram, Judge

             Stacey W. Moreau (Williams, Stilwell,
             Morrison, Williams and Light, on brief),
             for appellant.

             Marla Graff Decker, Assistant Attorney
             General (James S. Gilmore, III, Attorney
             General, on brief), for appellee.


     Ann Marie Grant appeals her convictions of transporting

marijuana and possession of marijuana with intent to distribute.

 She contends that the search and seizure by the police violated

her Fourth Amendment rights.  We disagree and affirm.

     The Danville Police Department received information that a

passenger listed as "J. Manning" would possibly be carrying drugs

on the 11:30 p.m. train from New York to Danville.  As each

passenger detrained, a police officer asked if he could see that

passenger's boarding pass.  At this request, the appellant Ann

Marie Grant volunteered her boarding pass.  It read "J. Manning."

 The officer then asked if he could search Grant's bags.  Grant

replied, "Yes," and made no other comments or protests.  The

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

search revealed a large quantity of marijuana.

The Fourth Amendment is not intended to "eliminate all contact between the police and the citizenry, but 'to prevent arbitrary and oppressive interference by enforcement officials with the privacy and personal security of individuals.'" United States v. Mendenhall, 446 U.S. 544, 553-54, 64 L. Ed. 2d 497, 100 S. Ct. 1870 (1980) (quoting United States v. Martinez-Fuerte, 428 U.S. 543, 544 (1976)).  Consensual encounters between police and individuals have no Fourth Amendment implications unless they are accompanied by such "coercion or show of force or authority by the officer . . . that would cause a person . . . reasonably to have believed that he or she was required to comply [and was] not free to leave." Commonwealth v. Satchell, 15 Va. App. 127, 131, 422 S.E.2d 412, 414 (1992); see Greene v. Commonwealth, 17 Va. App. 606, 610, 440 S.E.2d 138, 140 (1994); Wechsler v. Commonwealth, 20 Va. App. 162, 171, 455 S.E.2d 744, 748 (1995).

The facts here disclose an entirely consensual encounter. The officer approached Grant by himself, in plainclothes, without displaying a firearm.  He identified himself, explained his intentions, and requested to see Grant's boarding pass.  He then requested to search her luggage.  We find nothing in the police operation that would suggest coercion or intimidation. Throughout this encounter Grant consented to each request, demonstrating no desire to leave and no objection to the officer's questions or the search.

The appellant voluntarily cooperated with the officer and consented to the officer's questions and search. She at no time withdrew her consent nor did she limit the scope of the search. Her Fourth Amendment rights were not violated.

<u>Affirmed.</u>
